# Commonwealth v. Murray

C.P. of Lancaster County, no. 1367 CR 1999.

*Janna R. Steinruck, assistant district attorney,* for Commonwealth.

*R. Russell Pugh,* for defendant.

FARINA, *J.,* August 27, 2004—Presently before the court is the Commonwealth's request that the defendant be referred for sexually violent predator (SVP) assessment pursuant to 42 Pa.C.S. §9795.4. Defendant contends that such referral is unconstitutional and objects to being referred to the State Board to Assess Sexually Violent Predators.

On March 14, 2001, defendant was found guilty of one count of attempt to commit involuntary deviate sexual intercourse, one count of aggravated indecent assault, one count of indecent assault and one count of corruption of minors. At the time of sentencing on August 30, 2001, this court denied the Commonwealth's request that the defendant undergo assessment by the board after granting the defendant's motion for extraordinary relief which challenged the constitutionality of the SVP

provisions of Megan's Law II. The Commonwealth appealed this court's decision.

Defendant appealed his sentence and on November 19, 2003, the Superior Court ordered that the defendant be re-sentenced. This court re-sentenced the defendant on February 23, 2004. On March 23, 2004, the Supreme Court of Pennsylvania decided the Commonwealth's appeal and remanded the case for proceedings consistent with *Commonwealth v. Williams,* 574 Pa. 487, 832 A.2d 962 (2003). This court then issued a rule to show cause why the defendant should not undergo the mandatory assessment by the board. The defendant objects and argues that Megan's Law II is unconstitutional and cannot be applied to him.

The defendant claims that Megan's Law II cannot be constitutionally applied to him for six reasons: (1) that Megan's Law II cannot be retroactively applied to him; (2) that SVP assessment, report, hearing and notice to defendant cannot occur after sentencing; (3) that referral has been waived by the Commonwealth; (4) that this court has no jurisdiction to act in this matter; (5) that the registration, verification and reporting requirements are not enforceable against this defendant and no useful purpose would be served by SVP assessment; and (6) that a hearing is required challenging the punitive effect of Megan's Law II and the factually erroneous legislative findings. The Commonwealth responds that each of these issues has been resolved against the defendant. I agree with the Commonwealth that most of the issues raised by the defendant have been decided against him by previous decisions. Some issues, relating to whether Megan's Law II is so vague that it is rendered excessive, however, re-

main to be decided and will require a hearing at a later date. Thus, I will resolve defendant's retroactivity, timeliness, waiver, jurisdiction and useful purpose claims at this time.

Regarding the retroactive application of the SVP provisions of Megan's Law II, the defendant argues that, because he was charged by information on May 25, 1999, prior to the effective date of Megan's Law II, he cannot be subjected to the SVP provisions. Defendant points to section 5 of Senate Bill 380, the bill which enacted Megan's Law II, published at P.L. 74, No. 18, §3, May 10, 2000, claiming that this provision clearly exempts him from the SVP provisions.[1] The defendant argues that subsection 2, which clearly applies to defendant, is mitigated by the general policy statement in subsection 1 which states that Megan's Law II applies to "proceedings initiated on or after the effective date of this Act." As proceedings against the defendant were initiated on May 25, 1999, and Megan's Law II was not effective until July 9, 2000, defendant argues that Megan's Law II does not apply to him.

As the Commonwealth points out, Megan's Law II is not being applied retroactively to the defendant and he is clearly subject to the SVP provisions of Megan's Law

---

1. Section 5 of Senate Bill 380 states:

"Section 5. This Act shall apply as follows:

"(1) To proceedings initiated on or after the effective date of this Act.

"(2) The reenactment and amendment of 42 Pa.C.S. ch. 97 subch. H shall apply to individuals incarcerated or convicted on or after the effective date of this Act.

"(3) This Act shall not affect the requirements for individuals registered pursuant to 42 Pa.C.S. ch. 97 subch. H prior to the effective date of this Act."

II by the plain language of section 5(2) of Senate Bill 380. Subsection 2 states that Megan's Law II applies to individuals incarcerated or convicted after the effective date of this Act. Defendant was convicted on March 14, 2001, several months after the effective date of Megan's Law II. Defendant is clearly subject to the SVP provisions. Further, the Superior Court has held that Megan's Law II applies to individuals convicted before the effective date of the Act, so long as the individual "remains in the custody of correctional authorities to discharge any part of his sentence for the sex offense." *Commonwealth v. Benner,* 2004 WL 1418798 (Pa. Super. June 25, 2004). As the Superior Court has determined that Megan's Law II can apply to individuals convicted before the effective date, it can certainly apply to individuals convicted after the effective date.

Defendant next contends that he cannot be referred to the board because the steps specified in Megan's Law II to conduct the SVP assessment have not been followed. Under section 9795.4, a defendant is to be referred to the board after conviction, but before sentencing. Additionally, a court is to specifically inform any individual designated an SVP of his obligations under Megan's Law II at the time of sentencing. 42 Pa.C.S. §9795.3. Here, the defendant has been sentenced twice and was never assessed by the board prior to sentencing or informed by the court of his Megan's Law II obligations. As the statutory scheme has not been followed, the defendant claims that this court cannot now require him to be assessed by the board.

As pointed out by the Commonwealth, this contention is without merit. This court held that Megan's Law II was unconstitutional acting upon defendant's motion for

extraordinary relief. That decision was still in effect, and under appeal by the Commonwealth, at the time of defendant's second sentencing. As the issue was under appeal, this court was without jurisdiction to act further on the case, except as remanded by the Superior Court to correct the error in defendant's sentence. *Commonwealth v. Pearson,* 454 Pa. Super. 313, 325, 685 A.2d 551, 557 (1996). Defendant was not referred for SVP assessment at his own request. He cannot now complain that the assessment did not occur at the proper time.

The defendant further argues that because *Williams* was decided prior to the defendant's second sentencing, the Commonwealth knew or should have known that this case would be remanded and, thus, should have complied with sections 9795.3 and 9795.4. As the Commonwealth did not do so, they waived their ability to refer the defendant for assessment. This argument is also without merit. Until the defendant's case was remanded by the Pennsylvania Supreme Court, this court had no jurisdiction to apply Megan's Law II to the defendant. Pa.R.A.P. 1701(a). As the case has now been remanded, this court is bound to follow the directive of the Pennsylvania Supreme Court and proceed consistent with *Williams.*

Defendant argues that this court has no jurisdiction to now modify the defendant's sentence pursuant to Megan's Law II because that sentence is currently under appeal. 42 P.S. §5505 and Pa.R.A.P. 1701(a). Further, the Commonwealth took no timely action to preserve the Megan's Law II directives by filing a motion to modify sentence or a post-sentencing motion. Defendant is correct that this court could not modify the sentence during

the pendency of the appeal, however, *Williams* established that the SVP provisions of Megan's Law II are not punitive in nature. 574 Pa. 487, 506, 832 A.2d 962, 973 (2003). As such requirements do not constitute punishment and are not part of the defendant's sentence, requiring him to now comply is not a modification of his sentence.

Defendant also complains that referring him for SVP assessment serves no useful purpose because our Supreme Court invalidated the enforcement provisions of Megan's Law II. In *Williams,* the court determined that these provisions were "manifestly in excess of what is needed to ensure compliance, they must be considered punitive, and thus, unconstitutional insofar as they purport to apply to . . . sexually violent predators." 574 Pa. 487, 526, 832 A.2d 962, 985 (2003). As there is no penalty for failing to comply with the registration, notification and counseling provisions, there is no point in requiring defendants to be assessed by the board. This contention is without merit. As the Commonwealth notes, the Supreme Court stated that a failure by an SVP to comply could be enforced by a contempt proceeding, so, clearly, a mechanism exists to ensure compliance. *Id.* As stated by the legislature, the point of Megan's Law II is to protect the public from potentially dangerous sexual predators.

Finally, the defendant argues that *Williams* left open several issues requiring a hearing. In *Williams,* the Pennsylvania Supreme Court left open the void for vagueness challenge and "its implications in terms of the remedial versus punitive dynamics of the statute." 574 Pa. 487, 525 n.23, 832 A.2d 962, 984 n.23. Our Supreme

Court has wrapped those issues together, stating that they did not decide whether Megan's Law II is so vague that it "renders the statute unconstitutionally punitive through excessiveness." *Williams,* 574 Pa. at 522, 832 A.2d at 983. The court stated that, as there was an absence of proof in the record of such vagueness, the appellees have not carried their burden to establish excessiveness. *Id.* at 524, 832 A.2d at 984. This court defers decision on these issues until a hearing can be held as discussed in the August 25, 2004 opinion in *Commonwealth v. Jesus Gaytan,* no. 1103 CR 2000.

Accordingly, I enter the following:

### ORDER

And now, August 27, 2004, it is hereby ordered and decreed that defendant's objections to his referral to the State Board to Assess Sexually Violent Predators are denied, except the court defers decision on the issue requiring a hearing, as discussed in the foregoing opinion.